IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| OHIO CASUALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. CIV-07-725-C |
| RICHARD HARRINGTON, | ) ) | |
| Defendant/Third-Party Plaintiff, | ) ) | |
| v. | ) ) | |
| NATIONAL CATASTROPHE RESTORATIONS, INC.; and LONG AND MCKINNON, INC., | ) ) ) ) | |
| Third-Party Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff filed this action for declaratory judgment regarding an insurance policy it had issued to Defendant (see Compl., Dkt. No. 1), and Defendant filed a response with a counterclaim against Plaintiff, as well as third-party claims against two other entities (see Countercl., Dkt. No. 11.). Plaintiff then filed both a response and a motion requesting that Defendant's counterclaim and the third-party complaint be bifurcated from Plaintiff's claim and stayed for a separate trial. (See Pl.'s Mot., Dkt. No. 16.) Defendant has responded with objections (see Def.'s Resp., Dkt. No. 25), and Plaintiff has replied (see Pl.'s Reply, Dkt. No. 27). Accordingly, this matter is now at issue.

I.  BACKGROUND

Defendant Richard Harrington is the owner of a building in Guymon, Oklahoma, that withstood significant water damage in January 2007.  The building was insured by Plaintiff Ohio Casualty Insurance Company.  (See Compl. ¶¶ 4-5.)  Defendant alleges that he filed a claim for the water damage, and National Catastrophe Restoration, Inc. ("NCRI") commenced repairs on the insured building.  (See Countercl.¶¶ 16-17.)  On April 2, 2007, Plaintiff advised Defendant that it had denied his claim to pay for the loss to the insured building.  (See id. ¶ 22; Pl.'s Resp., Dkt. No. 17, ¶ 22.)  According to Plaintiff, Defendant's claim was denied due, in part, to the exclusion in the policy for water damage if the building had been vacant for more than sixty consecutive days when the loss or damage occurred.  (See Compl. ¶ 9.)

Plaintiff then filed this action against Defendant seeking a declaratory judgment that the loss was not covered under the policy (the "Coverage DJA").  Defendant in return filed an answer and several counterclaims against Plaintiff: (1) a claim that Plaintiff breached its contract by refusing to pay for the damage to the insured building; (2) a claim of breach of duty of good faith and fair dealing; (3) a claim that NCRI was an agent or representative of Plaintiff and thus Plaintiff is liable for damage caused by NCRI's repairs to the water-damaged building; (4) a claim that NCRI has made demand upon Defendant for payment for the repairs but Plaintiff is liable for damages and costs incurred by Defendant in defending against NCRI's claim, including any judgment against Defendant; and (5) a claim

that Plaintiff's refusal to pay for the damage to the building has resulted in the building remaining in disrepair and thus Plaintiff is liable for the loss of rent payments that Defendant would otherwise be collecting.[*]  (See Countercl. at 5-10.)  Defendant then brought third-party claims against NCRI for (1) the damage NCRI caused to his building and (2) NCRI's failure to commence legal action after causing a mechanic's lien to be filed. (See id. at 10-14.)  Defendant also brought a third-party claim against insurance agency Long and McKinnon, Inc. ("L&M"), alleging that L&M was negligent in selling him the policy on the building.  (See id. at 14-15.)  Finally, Third-Party Defendant NCRI filed a counterclaim against Defendant demanding payment of the invoice that NCRI sent Defendant for repairs that NCRI performed on the building.  (See NCRI Countercl., Dkt. No. 24, at 6-8.)

## II. STANDARD

Pursuant to Fed. R. Civ. P. 42(b), the Court has discretion to order the separate trial of one or more separate counterclaims or third-party claims "[f]or convenience, to avoid prejudice, or to expedite and economize."  In deciding whether to separate trials, the Court must consider "judicial efficiency, judicial resources, and the likelihood that a single

---

[*] Plaintiff argues that this "loss of rent" claim is more properly characterized as an element of damages rather than its own cause of action.  (See Pl.'s Mot. at 15); cf. Fox v. Easter, 1900 OK 97, ¶ 15, 62 P. 283, 285 ("This loss of profits or loss of rents was purely an element of damages, which could only be recovered in an action for breach of the contract to purchase, and, the court having eliminated that branch of the case, it was error to receive evidence in support of this item of damage or loss.").  At this point in the proceedings, however, the Court need not decide whether this item can stand alone as a separate claim against Plaintiff.

proceeding will unduly prejudice either party or confuse the jury." See York v. Am. Tel. & Tel. Co., 95 F.3d 948, 958 (10th Cir. 1996). Further, "[b]ifurcation is not an abuse of discretion if such interests favor separation of issues and the issues are clearly separable." Angelo v. Armstrong World Indus., Inc., 11 F.3d 957, 964 (10th Cir. 1993).

### III. DISCUSSION

Plaintiff argues that Defendant's counterclaims and the third-party claims should be separated and stayed pending the outcome of the Coverage DJA. According to Plaintiff, a determination of coverage or lack thereof will either streamline or completely eliminate the need to try the remaining claims. Thus, Plaintiff asserts that the requested separation of trials "would serve the interests of expedience, economy[,] and avoidance of prejudice." (See Pl.'s Mot. at 4.)

Plaintiff has failed to carry its burden of demonstrating that separation of trials would serve the ends of convenience and judicial economy, or that a single proceeding will be prejudicial or unduly confusing. See Fed. R. Civ. P. 42(b); Real v. Bunn-O-Matic Corp., 195 F.R.D. 618, 620 (N.D. Ill. 2000). "The piecemeal trial of separate issues in a single lawsuit or the repetitive trial of the same issue in severed claims is not to be the usual course." 9A Charles Alan Wright et al., Federal Practice and Procedure § 2388 (3d ed. 2008). Plaintiff itself concedes that the same issues will be addressed in the Coverage DJA and the breach of contract counterclaim. (See Pl.'s Mot. at 9.) Further, the facts and arguments surrounding the existence of coverage under the policy's terms, Plaintiff's

dealings with L&M in selling Defendant the policy, the role of Plaintiff in NCRI's provision of repairs to Defendant's building, and the applicability of Defendant's equitable defenses of laches, equitable estoppel, and waiver all are intertwined to the extent that the issues are not clearly separable, and separate trials would be inappropriate.  Cf. McDaniel v. Anheuser-Busch, Inc., 987 F.2d 298, 305 (5th Cir. 1993) (noting that an important limitation on separation of trials under Rule 42(b) is that "the issue to be tried must be so distinct and separate from the others that a trial of it alone may be had without injustice" (internal quotation marks omitted)).  While in some circumstances bifurcation of a declaratory judgment coverage action may be expedient, it has not been shown that such a separation is warranted in this case in light of the substantial overlap and interconnection between all of the parties' claims.

The docket does not reflect that the parties have engaged in substantial discovery as of this time.  Thus, further development of the issues may justify revisiting the propriety and efficacy of further bifurcation at some point prior to trial.  See 9A Wright et al., supra, § 2388 ("When a party who seeks separate trials fails to meet the burden of proving that separation is justified under Rule 42(b), the court may deny the party's motion without prejudice so that if future developments reveal the efficacy of separate trials, the court may revisit the issue.").  In addition, Plaintiff and the other parties shall have the opportunity to file dispositive motions that potentially will shorten the duration of this litigation.

## IV. CONCLUSION

Plaintiff's motion to bifurcate and stay (Dkt. No. 16) is therefore DENIED. This case shall be set for a status and scheduling conference and an appropriate scheduling order shall be entered.

IT IS SO ORDERED this 29th day of July, 2008.

*[signature]*

ROBIN J. CAUTHRON
United States District Judge